# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**KELVIN BERNARD JOHNSON and TRACEY ANN JOHNSON,**<br><br>　Debtors. | CHAPTER 7<br><br>CASE NO. 19-51667-BEM |
| **S. GREGORY HAYS, Chapter 7 Trustee for the estates of Kelvin Bernard Johnson and Tracy Ann Johnson**,<br><br>　Plaintiff,<br><br>vs.<br><br>**FREEDOM MORTGAGE CORPORATION,**<br><br>　Defendant. | Adversary Proceeding: 22-05020-BEM |

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Freedom Mortgage Corporation, Defendant in the above-styled adversary proceeding ("Defendant"), by and through its attorneys of record, and hereby submits this, its Answer and Defenses to Plaintiff's Complaint as follows:

## DEFENSES

Defendant raises the following defenses to the Complaint. By designating the following defenses, Defendant does not concede that it bears the burden of proof and/or the burden of persuasion as to any such defense. Defendant reserves the right to rely on any other applicable defenses that may become apparent during fact or expert discovery and to amend this document and/or his answer to assert any such defenses.

1. The allegations contained in the Complaint fail to state a cause of action against the Defendant upon which relief can be granted.

2. Defendant denies that any conduct by Defendant constitutes the cause in fact or proximate cause of any damages asserted against Defendant by Plaintiff.

3. Plaintiff's claims for relief are barred by the doctrines of laches, unclean hands and equitable estoppel.

4. Plaintiff's claims are barred by the doctrine of *in pari delicto*.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of superseding and intervening causation.

6. Plaintiff's claims are barred to the extent his alleged injuries and damages were caused or contributed to by the negligent actions or omissions of Plaintiff and/or third parties over whom Defendant had no control and for whom Defendant was or is not responsible.

7. Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action or omission by Defendant.

8. Any recovery by Plaintiff is barred or limited by the principle of comparative or contributory fault.

9. Plaintiff's claims are barred because Plaintiff has failed to join one or more indispensable parties to this action, including, without limitation, New Day Financial, LLC.

10. Plaintiff's claims are barred to the extent his alleged damages are speculative, uncertain, or hypothetical.

11. Plaintiff's claims are barred to the extent Plaintiff is estopped from asserting his claims for damages and/or is deemed to have waived as a result of the acts and conduct of Plaintiff.

12. Plaintiff's claims for civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the finder of fact's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (6) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (7) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (8) otherwise fails to satisfy legal precedent.

13. Plaintiff has failed to mitigate his damages, if any in fact exist or were incurred, the existence of which is expressly denied.

14. Plaintiff's damages, if any in fact exist, are the direct and proximate result of the acts, deeds, omissions, or failure to act of Plaintiff and/or other third parties with whom Plaintiff

3

controlled and/or contracted, and/or with persons whose names are presently unknown, over whom Defendant has no control, nor the right, duty or obligation to control.

15. In the event of liability against Defendant (which liability is specifically denied), a specific percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is attributable to either (1) Plaintiff; (2) others from whom Plaintiff does not seek recovery in this action; and/or (3) and any other person identified by Plaintiff or any other defendant as a non-party whose tortious conduct proximately caused Plaintiff's injury or loss.

16. Plaintiff's damages, if any, were caused by the direct and proximate negligence or other conduct of entities or persons other than Defendant, and in the event of liability against Defendant (which liability is specifically denied), Defendant will be entitled to indemnification, contribution, and/or apportionment.

17. Any damages suffered by Plaintiff are the result of unrelated, pre-existing, or subsequent conditions unrelated to any of Defendant's alleged conduct.

18. Defendant asserts its right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or Plaintiff, of any damages found against Defendant.

19. Plaintiff's Complaint is barred to the extent it was commenced outside of the applicable statute of limitations.

20. Defendant acted honestly and in good faith at all times hereto.

21. Defendant did not intend to harm, hinder, or delay Plaintiff, nor did Defendant intentionally violate the bankruptcy stay or interfere in the Trustee's administration of Debtors' bankruptcy estates.

22. Defendant has caused no injury to Plaintiff or to his property.

23. Plaintiff's claims against Defendant are barred to the extent that no agency relationship existed between Defendant and Inspire Closing Services, LLC and/or to the extent that Inspire Closing Services, LLC lacked authority to take actions on behalf of Defendant.

24. Defendant reserves the right to assert additional defenses based on further investigation or discovery.

## RESPONSES TO SPECIFIC ALLEGATIONS

1. Responding to Paragraph 1 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

2. Responding to Paragraph 2 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

3. Responding to Paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

4. Responding to Paragraph 4 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the

5

extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

5. Responding to Paragraph 5 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant admits the allegations contained therein.

6. Responding to Paragraph 6 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

7. Responding to Paragraph 7 of Plaintiff's Complaint, upon information and belief, Defendant admits the allegations contained therein.

8. Responding to Paragraph 8 of Plaintiff's Complaint, upon information and belief, Defendant admits the allegations contained therein.

9. Responding to Paragraph 9 of Plaintiff's Complaint, upon information and belief, Defendant admits the allegations contained therein.

10. Responding to Paragraph 10 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the

extent that any answer is required to this Paragraph, Defendant avers that it does not have sufficient information and/or knowledge necessary to form a belief as to the truth or falsity of said allegations, and therefore, denies the allegations contained therein.

11. In response to the allegations in Paragraph 11, Defendant states the documents speak for themselves and denies any characterization inconsistent therewith.

12. In response to the allegations in Paragraph 12, Defendant states the documents speak for themselves and denies any characterization inconsistent therewith.

13. Responding to Paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of said allegations and, therefore, denies the allegations contained therein.

14. In response to the allegations in Paragraph 14, Defendant states the bankruptcy record speaks for itself and denies any characterization inconsistent therewith.

15. Responding to Paragraph 15 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

16. Responding to Paragraph 16 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

17. In response to the allegations in Paragraph 17, Defendant states the bankruptcy record speaks for itself and denies any characterization inconsistent therewith.

18. Responding to Paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of said allegations and, therefore, denies the allegations contained therein.

19. In response to the allegations in Paragraph 19, Defendant states the bankruptcy record speaks for itself and denies any characterization inconsistent therewith.

20. In response to the allegations in Paragraph 20, Defendant states the documents speak for themselves and denies any characterization inconsistent therewith.

21. In response to the allegations in Paragraph 21, Defendant states the documents speak for themselves and denies any characterization inconsistent therewith.

22. In response to the allegations in Paragraph 22, Defendant states the documents speak for themselves and denies any characterization inconsistent therewith.

23. Responding to Paragraph 23 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of said allegations. Subject thereto, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

24. Responding to Paragraph 24 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of said allegations. Subject thereto, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

25. Responding to Paragraph 25 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of said allegations. Subject thereto, Defendant states that such documents speak for themselves and denies

any characterization inconsistent therewith.

26. Responding to Paragraph 26 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of said allegations. Subject thereto, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

27. Responding to Paragraph 27 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of said allegations. Subject thereto, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

28. Responding to Paragraph 28 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

29. Responding to Paragraph 29 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of the allegation that the Debtors or Defendant were somehow aware that Trustee informed Inspire that he did not consent to the transfer and, therefore, denies said allegation. In further response, Defendant is without sufficient knowledge and/or information necessary to form a belief as to the truth or falsity of the allegations contained in parts a) and b) of Paragraph 29 of Plaintiff's Complaint, as well as the allegation in said Paragraph that Debtors executed the Second Security Deed. Subject thereto, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith. In further response, regarding the allegation that Inspire

9

Closing Services, LLC is an agent of Defendant, such allegation constitutes a procedural statement, legal conclusion, and/or principle of law that requires no response. To the extent that such allegation does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required thereto, Defendant denies said allegation.

30. Responding to Paragraph 30 of Plaintiff's Complaint, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

31. Responding to Paragraph 31 of Plaintiff's Complaint, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

32. Responding to Paragraph 32 of Plaintiff's Complaint, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

33. Responding to Paragraph 33 of Plaintiff's Complaint, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

34. Responding to Paragraph 34 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

35. Responding to Paragraph 35 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

36. Responding to Paragraph 36 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a

legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith. Responding to Paragraph 36 of Plaintiff's Complaint, Defendant avers that it is without sufficient information to admit or deny the allegations contained in this Paragraph and, therefore, denies the same.

37. Responding to Paragraph 37 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith. Responding to Paragraph 37 of Plaintiff's Complaint, Defendant avers that it is without sufficient information to admit or deny the allegations contained in this Paragraph and, therefore, denies the same.

38. Responding to Paragraph 38 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

39. Responding to Paragraph 39 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

40. Responding to Paragraph 40 of Plaintiff's Complaint, Defendant avers that said Paragraph does not require a response, but nonetheless incorporates its responses to Paragraphs 1 through 39 of Plaintiff's Complaint herein by reference.

41. Responding to Paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

42. Responding to Paragraph 42 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

43. Responding to Paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

44. Responding to Paragraph 44 of Plaintiff's Complaint, Defendant avers that said Paragraph does not require a response, but nonetheless incorporates its responses to Paragraphs 1 through 43 of Plaintiff's Complaint herein by reference.

45. Responding to Paragraph 45 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

46. Responding to Paragraph 46 of Plaintiff's Complaint, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

47. Responding to Paragraph 47 of Plaintiff's Complaint, Defendant states that such documents speak for themselves and denies any characterization inconsistent therewith.

48. Responding to Paragraph 48 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained

therein.

49. Responding to Paragraph 49 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

50. Responding to Paragraph 50 of Plaintiff's Complaint, Defendant avers that said Paragraph does not require a response, but nonetheless incorporates its responses to Paragraphs 1 through 49 of Plaintiff's Complaint herein by reference.

51. Responding to Paragraph 51 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

52. Responding to Paragraph 52 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

53. Responding to Paragraph 53 of Plaintiff's Complaint, Defendant avers that said Paragraph does not require a response, but nonetheless incorporates its responses to Paragraphs 1 through 52 of Plaintiff's Complaint herein by reference.

54. Responding to Paragraph 54 of Plaintiff's Complaint, Defendant avers that the allegations therein constitute procedural statements, legal conclusions, and/or principles of law that require no response. To the extent that any allegation in said Paragraph does not call for a

legal conclusion, constitute a procedural statement and/or state a principle of law, and/or to the extent that any answer is required to this Paragraph, Defendant denies the allegations contained therein.

### REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff's claims be dismissed and that neither Plaintiff or any other person or entity take anything from Defendant by virtue of this action;

2. For Defendant's attorney's fees incurred herein.

3. For Defendant's legal costs incurred herein.

4. For such additional relief as this Honorable Court may deem appropriate under the circumstances, and as the Court may deem just and equitable.

Defendant consents to the entry of final orders or judgment by the Bankruptcy Court.

Respectfully submitted this 23rd day of May, 2022.

**FOX ROTHSCHILD LLP**

By: /s/ Jordan B. Forman
G. Marshall Kent
Georgia Bar No. 415129
Jordan B. Forman
Georgia Bar No. 269298
999 Peachtree Street, Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 962-1000
Facsimile: (404) 962-1200
E-Mail: MKent@foxrothschild.com
JForman@foxrothschild.com
*Counsel for Freedom Mortgage Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I am an employee of Fox Rothschild LLP and that on this 23rd day of May, 2022, I caused the above and foregoing document entitled **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to be served as follows:

**Mailing Information for Case 22-05020-bem**
**Electronic Mail Notice List**
The following is the list of **parties** who are currently on the list to receive email notice/service for this case.
- Michael J. Bargar    michael.bargar@agg.com, carol.stewart@agg.com
- Jordan Bradley Forman    jforman@foxrothschild.com
- J. Kelsey Grodzicki    kgrodzicki@wczlaw.com, gparker@wczlaw.com

**Mailing Information for Case 19-51667-bem**
**Electronic Mail Notice List**
The following is the list of **parties** who are currently on the list to receive email notice/service for this case.
- Michael J. Bargar    michael.bargar@agg.com, carol.stewart@agg.com
- Charles M. Clapp    charles@lawcmc.com, ecf@lawcmc.com;R47480@notify.bestcase.com
- Jordan Bradley Forman    jforman@foxrothschild.com
- J. Kelsey Grodzicki    kgrodzicki@wczlaw.com, gparker@wczlaw.com
- S. Gregory Hays    ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com
- Office of the United States Trustee    ustpregion21.at.ecf@usdoj.gov
- Elizabeth H. Parrott    ADVNotices@w-legal.com
- David S. Weidenbaum    david.s.weidenbaum@usdoj.gov

**Manual Notice List via U.S. Regular Pre-Paid Mail**

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

/s/ *Jordan B. Forman*
Jordan B. Forman
*Attorneys for Defendant*